Turley, J.
delivered the opinion pf the epurt.
The first cause of error assigned in this case is, that James P. Clark, who was original surety fer the prcsecuticn of the suit, was discharged by the court, and other surety taken in his stead, and he permitted to be examined as a witness.
It is said that the court had not power to release him from his liability incurred as surety for costs, and that he was therefore interested in the event of the suit and an incompetent witness.
We do not think sq. Surety for the prosecution of spits, appeals, and bail, are taken by the officers of court under the provisions of the law, and it has always been the practice in this state, upon a proper case made out, to substitute other security in the place of the original; and, this being done under the inspection of the court, no harm can be done tp the person, for whose use the surety was given, as the court will be careful to take none but what is amply sufficient to secure the end designed.
*205 The exercise pf this power is not a violation of the obligation pf contacts under the provision of the constitution of the United States and the State of Tennessee. For there is no .contract on the part of the person intended to be benefited by taking the surety. The law takes the surety to protect him from loss, and he has no right to ask more, at the hands of the court, than that this shall be done; he has acquired no right by a contract to hold any particular person liable, provided the court will substitute another, who can equally protect him, from loss.
This question has been thus adjudicated in England, and all the states of the union, where it seems to have been made; at least we have not been able to find an authority to the contrary. In England, when the testimony of bail is necessary, the party on application to the court, may substitute other in his place. Collett vs. Jinnis, R. T. Hardwicke, 133; Piesly vs. Von Esch. 1 Espinasse’s Cases, 604; Tidds Prac. 264; 1 Starkie, 120, 135, 6.
In North Carolina, sureties for appeals have been released, in order to become witnesses, and others substituted in their stead. 2 Hay. 337; 2 Hawks, 336. The same thing has been done in Pennsylvania, 3 Serg. & Rawles Rep. 314; and in this case, the supreme cpurt of the State of Tennessee, op a former hearing, likewise determined the same way, 7 Yer. Rep. 399.
2. It is said, that the charter of the bank of the State of Tennessee, is yoid, because the legislature of the State of Tennessee was prohibited by the constitution of the United States from granting it.
This would be a very grave question, and worthy pf all consideration, bad it not been already determined by the supreme court of the United States in favor of the power in the case of Briscoe vs. The Bank of the Commonwealth, 11 Peters, 257. We feel ourselves bound by that authority; and that it. would be perfectly useless for us to determine otherwise, if such were our opinion, in as much as the supreme court of the United States can exercise a control over our decisions upon questions of this character,
*206 3. It is said, that'the proof does not justify the verdict of "the jury in the court below.
We have always said, that we will not scrutinize testimony in this court. The evidence of Clark shows, that when he presented the account to the plaintiff in error, he admitted that the items were correct, hut said, that he did believe that he owed the Bank nothing, and that he had paid all he ever owed it. This of itself would be sufficient to sustain the verdict; for although, where a man admits the justice of an account, but contends, that he has paid it, all his statements must go to the jury; yet if he can give no reason for his belief, nor show anything in support of it, the jury are not bound to believe it, and may give judgment on the ad* mission. — The evidence of Hobson shows that the plaintiff in error, having had the account upon which the suit is brought, in his possession for his revisal, in a few days afterwards, called at the bank, and claimed and obtained a credit for one Richmond’s note, which had been overlooked by the bank, in stating the account; that he took no further exceptions thereto, and did not pretend to say that he had been charged with items, not justly due. This of itself is a strong circumstance against him.
Upon the whole, we cannot hesitate in saying, that there was testimony upon which' the jury might act, and cannot therefore reverse upon this ground.
Affirm the judgment.